IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMANUEL RODRIGUEZ-ISAAC
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 14-1404CCC

**OPINION AND ORDER**

    Before the Court is the Motion under 28 U.S.C. § 2255 filed by Petitioner Emanuel Rodríguez-Isaac (hereinafter "Petitioner" or "Rodríguez-Isaac") (D.E. 1).  Petitioner, a prisoner appearing *pro se*, also filed a Memorandum in Support (D.E. 4).  The Government's Response (D.E. 5) as well Petitioner's Reply (D.E. 7) is also before this Court.  For the reasons discussed below, the Court finds the Motion (**D.E. 1**) as well as the Supplemental Petition (D.E. 4) must be DISMISSED.

**I.     BACKGROUND**

    Petitioner Rodríguez-Isaac was charged along with six other co-defendants in a seven-count Superseding Indictment (D.E. 25 in Cr. 12-036(CCC)).  Petitioner was charged in Count One and Counts Four through Seven.

    Count One charged:  From in or about and between July 2011 through September 2011, both dates being approximate and inclusive, in the District of Puerto Rico, and within the jurisdiction of this Court, Emanuel Rodríguez-Isaac, a/k/a "Manuelito," along with six (6) other co-defendants, did knowingly and intentionally combine, confederate, and agree with each other and other persons, known and unknown, to the Grand Jury, to commit an offense against

CIVIL 14-1404CCC						2

the United States, that is: to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance, a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, and a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, to wit, Manuel A. Perez Public Housing Project in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Sections 846 and 860, and Title 18, United States Code, Section 2 (D.E. 25 at page 2 in Cr. 12-036(CCC)).

     Count Four charged: On or about August 15, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, Emanuel Rodríguez-Isaac, a/k/a "Manuelito," along with two (2) additional co-defendants, aiding and abetting each other and others known and unknown, did knowingly possess a machinegun, as that term is defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), a firearm of unknown brand, caliber, and serial number. All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2) (D.E. 25 at page 5 in Cr. 12-036(CCC)).

     Count Five charged: On or about August 21, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, Emanuel Rodríguez-Isaac, a/k/a "Manuelito," along with five (5) other co-defendants, aiding and abetting

CIVIL 14-1404CCC                              3

each other and others known and unknown, in furtherance of a major drug offense, as charged in Count One, which count is incorporated by reference herein, and with intent to intimidate, harass, injure, and maim, fired a weapon into a group of two (2) or more persons, killing Eizer Rivera-Molina, which killing is murder within the meaning of Title 18, United States Code, Section 1111, in that defendants, with malice aforethought, did unlawfully kill Eizer Rivera-Molina by shooting him with the firearm willfully, deliberately, maliciously and with premeditation.  All in violation of Title 18, United States Code, Sections 36(b)(2)(A), 1111 and 2 (D.E. 25 at page 6 in Cr. 12-036(CCC)).

Count Six charged:  On or about August 21, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, Emanuel Rodríguez-Isaac, a/k/a "Manuelito," along with five (5) other co-defendants, aiding and abetting each other and others known and unknown, did knowingly use and carry a firearm, as defined in Title 18, United States Code, Section 921(a)(3), that is, a firearm of unknown brand, caliber, and serial number, during and in relation to a crime of violence, as the term is defined in Title 18, United States Code, Section 924(c)(3), for which they may be prosecuted in a Court of the United States, to wit, a violation of Title 18, United States Code, Section 36(b)(2)(A), as charged in Count Five of the Indictment, which count is realleged and incorporated by reference herein, and in the course of that crime, the defendants did cause the death of Eizer Rivera-Molina through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that defendants, with malice aforethought, did unlawfully kill Eizer Rivera-Molina by shooting him with the firearm willfully, deliberately,

CIVIL 14-1404CCC                              4

maliciously and with premeditation.  All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (B)(ii) and 924(j)(1) (D.E. 25 at page 7 in Cr. 12-036(CCC)).

Count Seven charged:  On or about August 21, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, Emanuel Rodríguez-Isaac, a/k/a "Manuelito," along with three (3) other co-defendants, aiding and abetting each other and others known and unknown, did knowingly possess a machinegun, as that term is defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), a firearm of unknown brand, caliber, and serial number.  All in violation of Title 18, United States Code, Section 922(o) and 924(a)(2) (D.E. 25 at page 8 in Cr. 12-036(CCC)).

On December 12, 2012, Petitioner, through his counsel, filed a Motion for Change of Plea (D.E. 161 in Cr. 12-036(CCC)).  On January 10, 2013, Petitioner's Plea Agreement with the Government was filed[1] (D.E. 177 in Cr. 12-036(CCC)). On December 12, 2012, Rodríguez-Isaac's Change of Plea Hearing was held.  Petitioner entered a plea of guilty to Count Six (6) of the Superseding Indictment, (D.E. 179 in Cr. 12-036(CCC)).

On May 21, 2013, Rodríguez-Isaac's sentencing hearing was held.  The Court accepted and followed the parties' Plea Agreement and sentenced Petitioner to a term of imprisonment of three hundred (300) months, a Supervised Release Term of five (5) years and a Special Monetary

---

[1] Petitioner and the government entered into a Fed. R. Crim. P. 11(c)(1)(A) and (C) Plea Agreement.  Pursuant to the Plea Agreement Rodríguez-Isaac would only plead guilty and accept responsibility to Count Six of the Superseding Indictment (aiding and abetting the use and carry of a firearm in relation to a crime of violence, the drive by shooting that caused the death of Eizer Rivera-Molina).  The parties stipulated a term of imprisonment of three hundred (300) months (D.E. 177 in Cr. 12-036(CCC)).

CIVIL 14-1404CCC                  5

Assessment of one hundred dollars ($100.00) (D.E. 224 in Cr. 12-036(CCC)). Judgment was entered on May 21, 2013 (D.E. 225 in Cr. 12-036(CCC)).

Petitioner did not file a notice of appeal thus his conviction became final fourteen (14) days after Judgment was filed, pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, i.e., June 4, 2013. On May 19, 2014, Rodríguez-Isaac filed his timely 2255 Petition for Relief (D.E. 1). As such the case is ready for disposition by this Court.

## II.   DISCUSSION

In his Petition under 28 U.S.C. § 2255, Rodríguez-Isaac raises only one allegation. Rodríguez-Isaac alleges that it is against his constitutional and statutory rights that he was sentenced with a gross disparity, both internal to the case, and external. Petitioner contends that other persons in his situation and with his sentencing parameters obtained considerable shorter sentences from the Court. Therefore, Rodríguez-Isaac claims he is a victim of illegal sentencing disparity (D.E. 1 at page 4).

In his original filing, that is, the Petition for Relief (D.E. 1), and Memorandum in Support (D.E. 4), Rodríguez-Isaac fails to establish the co-defendants which he claims were in the same sentencing parameters as him yet received lighter sentences.

As a result of the Government's Response to Petitioner's request for relief, Rodríguez-Isaac filed a Reply. In said Reply Petitioner alleges that the conduct of co-defendant number three (3), Charles Pizarro-García, a/k/a "Char" or "Negro," was "most like" his and further alleges that the record establishes that Pizarro-García's behavior was "at least identical to Petitioner's" (D.E. 7 at page 4).

CIVIL 14-1404CCC                              6

At no time does Petitioner allege or even insinuate a claim of ineffective assistance of counsel.  He hinges his entire Petition on what he deems is a Constitutional violation of his right at sentencing through the Court exercising a disparity in sentencing between him and at least one other similarly situated co-defendant.  Not only is Petitioner incorrect in his allegation, the same does not proceed as part of a Section 2255 Petition for Relief.

### A.     28 U.S.C. § 2255 Standards and Exhaustion Requirements

Title 28 U.S.C. § 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

   1.     The sentence was imposed in violation of the Constitution or laws of the United States;

   2.     The court was without jurisdiction to impose the sentence;

   3.     The sentence was in excess of the maximum authorized by law; or

   4.     The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to Section 2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a Section 2255 motion is not a substitute for an appeal.  Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a Section 2255 motion.  United States v. Essig, 10 F.3d 968 (3rd Cir. 1993).  If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent Section 2255

CIVIL 14-1404CCC                    7

motion, unless the defendant can establish "cause and prejudice", <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986).  The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a Section 2255 motion.

In the case at hand Rodríguez-Isaac has not raised a claim of ineffective assistance of counsel.  Instead he has alleged that his sentence violates his Constitutional rights and therefore this Court should through his 2255 Petition correct this grave injustice.  Petitioner is mistaken.  A defendant has no constitutional right to receive the same sentence as another convicted of the same offense, <u>Williams v. Illinois</u>, 399 U.S. 235 (1970), the Constitution permits qualitative differences in meting out punishment. <u>Id</u>. at page 243.

Furthermore, Petitioner's claim does not rise to the level of miscarriage of justice.  "Absent extraordinary circumstances, a defendant has no fundamental interest in whether a sentence reflects his relative culpability with respect to his co-defendants."  <u>United States v. Bokun</u>, 73 F.3d. 8, 12 (2d Cir. 1995).  "The mere fact of a disparity is of no consequence," <u>United States v. Rodriguez</u>, 63 F.3d 1159, 1168 (1st Cir. 1995), <u>cert. denied</u>, 516 U.S. 1032 (1995).  Simply put, Rodríguez-Isaac's claim that his sentence was harsher than that received by his co-defendants cannot be raised in a Section 2255 Petition.  The Court is not aware of any obstacle that would have prevented Petitioner from challenging his sentence on direct appeal, he therefore can not raise it now on collateral attack.  <u>Knight v. United States</u>, 37 F.3d 769 (1st Cir. 1994).

CIVIL 14-1404CCC               8

In a collateral attack, a petitioner is barred not only from re-litigating issues already rejected upon direct appeal, but also from litigating issues which could have been, but were not raised in direct appeal absent an intervening change in the law. Davis v. United States, 417 U.S. 333 at 342 (1974). Issues raised on direct appeal, those already resolved, and those considered waived are barred in post-conviction motions. United States v. Escobar- de Jesus, 187 F.3d 148 at 159-162 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000). Therefore, Rodríguez-Isaac's 2255 Petition alleging disparity in sentence is DENIED.

This Court notes the following. It has reviewed the case docket and revisited both Petitioner's and co-defendant Pizarro-García's Plea Agreements and sentences. Even assuming that Petitioner's 2255 Petition could proceed, which it clearly can not, the same is completely contradicted by the record.

The Court shall refresh Petitioner's memory. At Rodríguez-Isaac's sentencing hearing the Court prior to imposing sentence stated:

> In this case the defendant participated in the murder of Eizer Rivera-Molina. Defendant has two pending federal indictments, which are 12-200 before Judge Fuste[2] and 11-388 before Chief

---

[2]In criminal case 12-200(JAF) Rodríguez-Isaac was a member of a criminal organization in the metropolitan area of San Juan, Puerto Rico, called "La Organización de Narcotraficantes Unidos" ("Organization of United Drug Traffickers"), better known for its acronym in Spanish as "La ONU," which was established in approximately 2004 and continued through at least October 2011. La ONU controlled all drug sales within several public housing projects and regularly committed violent acts to protect and expand their control over drug points. In furtherance of La ONU, defendant participated in the planning of the murder of rival gang leader Christian Toledo-Sánchez, a/k/a "Pekeke." In 2010, several members and leaders of La ONU met to discuss a plan to kill Pekeke, a leader of a rival gang in Los Lirios Public Housing Project in Cupey. Defendant, one of the leaders of LA ONU present at that meeting, introduced the intended shooter who had access to Los Lirios Public Housing Project . . . (D.E. 177 at page 11 in Cr. 12-036(CCC)). These facts were accepted by Rodríguez-Isaac as part of his Plea Agreement.

CIVIL 14-1404CCC						9

> Judge Delgado[3]. The Court has considered the plea agreement between the parties and acknowledges that the same was reached under Rule 11(c)(1)(A) and (C) of the rules of criminal procedure. Having considered the very serious nature of the offense, defendant's role and personal characteristics, considering also that the plea agreement provided that the Government shall dismiss the two drug trafficking indictments pending against defendant mentioned before, the Court finds that a sentence of imprisonment within the terms stipulated by the parties is sufficient but not greater than necessary to meet general considerations of punishment and of deterrence in this case.

(D.E. 352 at pages 9-10 in Cr. 12-036(CCC)). The Court then sentenced Petitioner to the term of three hundred (300) months of imprisonment (D.E. 177 in Cr. 12-036(CCC)).

A review of the record clearly indicates that none of Rodríguez-Isaac's co-defendants had pending federal indictments at the time of sentencing. Furthermore, co-defendant number three (3), Charles Pizarro-García, was sentenced to a term of imprisonment of two hundred and thirty-five (235) months of imprisonment (D.E. 374 in Cr. 12-036(CCC)); as it was established that his participation in the drive by shooting which caused the death of Eizer Rivera-Molina was minimal insofar as he did not participate in the actual shooting (D.E. 341 at page 10 in Cr. 12-036(CCC)). There is no other co-defendant in criminal case 12-036(CCC) who is in the same situation or similar to that of Petitioner.

---

[3]In criminal case 11-388(ADC), Rodríguez-Isaac, from in or about March 2007, continuing up to in or about October 2011, did knowingly conspire and possess with intent to distribute and distribute narcotic controlled substances at the Luis Lloréns Torres Public Housing Project. The defendant, as a member of the drug trafficking organization was a wholesale supplier of cocaine, and cocaine base (crack) drug point owner. The defendant admits that he possessed firearms and supplied firearms to other members of the "Calle 4" gang as part of the conspiracy. He also incurred in violent acts, made credible threats to use violence or directed the use of violence in furtherance of the drug conspiracy . . . (D.E. 177 at page 12 in Cr. 12-036(CCC)). These facts were accepted by Rodríguez-Isaac as part of his Plea Agreement.

CIVIL 14-1404CCC                    10

      Rodríguez-Isaac received his sentence of three hundred (300) months of incarceration in criminal case 12-036(CCC) as a federal prisoner charged in three (3) separate federal indictments:  12-036(CCC), 12-200(JAF) and 11-388(ADC).  He stood before the Court as a powerful and ruthless leader of the drug trafficking organization known as "La ONU" as the owner of a drug point in Luis Lloréns Torres Public Housing.  Furthermore, Rodríguez-Isaac is clearly responsible for more murders than just the one perpetrated against Eizer Rivera-Molina.  All acts of violence committed or ordered by Petitioner were done for the sole purpose of either maintaining or expanding, what can only be deemed, as his growing drug trafficking empire within Puerto Rico.  That is what the record reflects.

      In exchange for pleading guilty to one count in criminal case 12-036(CCC) Rodríguez-Isaac received a sentence of three hundred (300) months, the complete dismissal of pending criminal cases 12-200(JAF) and 11-388(ADC); and was not held responsible for any additional acts of violence relate to either case.  No other co-defendant in criminal case 12-036(CCC) was even similarly situated to Rodríguez-Isaac at the time of sentencing.

      Even assuming this Court could and would entertain Petitioner's 2255 request for relief based on sentencing disparity, the same is clearly unsupported by the record.

      This Court has gone through the process of evaluating and analyzing the record in this case, even when Petitioner's claim did not proceed.  It has done so, in order to leave no doubt that the allegation of sentencing disparity is completely lacking in merit.  In doing so this Court can reach the conclusion

CIVIL 14-1404CCC                        11

that in fact Rodríguez-Isaac received a most beneficial sentence by pleading guilty in criminal case 12-036(CCC), for he avoided any further prosecution and possible consecutive sentences regarding his two other pending federal cases. Furthermore, he was not held accountable for any additional acts of violence in furtherance of any of his drug trafficking activities.

### III.  CONCLUSION

For the reasons stated, the Court concludes that petitioner Emanuel Rodríguez-Isaac's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**D.E. 1**) is DISMISSED.  Furthermore, Petitioner's request for evidentiary hearing is also DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 22, 2015.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge